UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FARIS ABDULLAH ALSAIDI,

       Petitioner,

v.                                            21-CV-504-LJV
                                                       ORDER
MR. MERRICK GARLAND, *et al.*,

       Respondents.
_____

On April 16, 2021, the petitioner, Faris Abdullah Alsaidi, filed a petition for a writ of habeas corpus under 42 U.S.C. § 2241, challenging the validity of his detention at the Buffalo Federal Detention Facility in Batavia, New York. Docket Item 1. On June 7, 2021, the respondents moved to dismiss the petition. Docket Item 4. The respondents argue that because Alsaidi has been detained under 8 U.S.C. § 1231(a) as a noncitizen subject to a final order of removal since only May 26, 2021, his "challenge to [s]ection 1226(c) mandatory detention is moot[, and his] challenge to [s]ection 1231 post-removal-order detention is premature." Docket Item 4-1 at 1. On June 25, 2021, Alsaidi replied to the motion to dismiss. Docket Item 5.

"Broadly speaking, section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). Section 1231, on the other hand, "addresses the 'removal period' for immigrants facing deportation." *Id.* at 53. "[T]he 'removal period' [is] the term used in the statute to describe the 90-day period following an order of removal during which 'the Attorney General shall remove the [noncitizen].'" *Id.* at 54 (quoting 8 U.S.C. § 1231(a)(1)(A)).

The statute explicitly defines the beginning of the removal period as occurring "on the latest of the following":

    (i) The date the order of removal becomes administratively final.

    (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id*. at 54-55 (quoting 8 U.S.C. § 1231(a)(1)(B)).

Alsaidi has filed a petition for review and a motion to stay his removal with the United States Court of Appeals for the Second Circuit. *See Alsaidi v. Garland*, Case No. 21-6338 (2d Cir. 2021). Under the forbearance agreement between the Department of Homeland Security ("DHS") and the Second Circuit, "DHS will not remove a[ noncitizen] who has requested a stay of removal with a petition for review of an immigration order of removal unless a government motion opposing the stay is granted by the court or the [noncitizen's] stay motion is otherwise denied." *Sankara v. Whitaker*, 2019 WL 266462, at *4 (W.D.N.Y. Jan. 18, 2019). This Court accordingly has held that until a Second Circuit panel rules on the request for a stay of removal, the "forbearance agreement amounts to a court ordered stay of the removal of the [noncitizen]" for the purposes of the statute. *See Hemans v. Searls*, 2019 WL 955353, at *3 (W.D.N.Y. Feb. 27, 2019); *Sankara*, 2019 WL 266462, at *4; *see also Hereda v. Shanahan*, 245 F. Supp. 3d 521, 524 (S.D.N.Y. 2017) (vacated on appeal as moot) (and cases cited therein).

Because the Second Circuit has not yet ruled on Alsaidi's motion for a stay, Alsaidi is detained under section 1226(c). For that reason, the Court rejects the

respondents' assertion that Alsaidi's section 1226(c) arguments are moot and that his section 1231(a) arguments are premature.  The respondents' motion to dismiss therefore is denied.[1]

Within 14 days of the date of this order, the respondents shall file and serve an answer responding to the allegations in the petition.  In addition to their answer, the respondents shall file and serve a memorandum of law addressing each of the issues raised in the petition and including citations to supporting authority and applicable sections of the Immigration and Nationality Act.  Alsaidi shall have 25 days after his receipt of the respondents' answer to file a written reply.

SO ORDERED.

Dated:  September 24, 2021
         Buffalo, New York

                                               */s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE

---

[1] The Court will defer deciding upon the constitutionality of Alsaidi's section 1226(c) detention until the respondents have answered to the petition and Alsaidi has replied.  The respondents may raise any arguments not reached in this order, such as their argument that Jeffrey Searls is the only proper respondent in this case, see Docket Item 4-1 at 10, in their answer and accompanying memorandum of law.